# SUPREME COURT.

## Joseph Allen agt. Adam L. Starring, Jacob G. Wodrig and another.

A judge of the supreme court made an order in *supplementary proceedings,* that the judgment debtor appear and be examined before a referee. At the appointed time the parties appeared, but the referee was absent. The judgment creditor immediately obtained an order from *another judge,* appointing another referee and reference:

*Held,* 1. That the *first* proceedings were still in force, and the creditor could have applied to the judge who granted that order for the appointment of another referee, or of another time and place for the hearing before the same referee.*

2. The judge who granted the *second* order, on motion made to him to vacate it, should have granted the motion.

Whether the *referee,* in the *first* proceedings, on application by the creditor, could have appointed another time for the hearing, and summoned the debtor before him? *Quere ?*

---

* Note.—In *Reynolds* agt. *McElhone* (20 *How.* 454), it was held that where the judge did not appear at his office at the time appointed, the order was not spent, but the defendant must wait a reasonable time for his appearance. The defendant, having on the same day paid over money in his possession, was held in contempt.

*Broome General Term, May,* 1863.

*Present,* CAMPBELL, PARKER and MASON, *Justices.*

JUDGMENT was recovered by the plaintiff against all the defendants. It was paid by defendant Wodrig, and assigned to him by plaintiff. Wodrig issued execution against the other defendants, which was returned *nulla bona.* On the 3d of October, 1862, Judge PARKER made an order in supplementary proceedings, requiring defendant A. L. Starring to appear before Mr. Fassett, as referee, on the 26th of October, and appointing Fassett referee to take and report the evidence. The parties appeared, with their counsel, at the time and place mentioned in the order, but the referee was absent, and did not appear. Wodrig thereupon, the same day, procured an order from Judge BROOKS, the county judge of Chemung county, requiring defendant A. L. Starring to appear before Mr. Robertson as referee, on the 21st of October. Defendant A. L. Starring made a motion before Judge BROOKS, to set aside the order made by him, on the grounds : 1st. Wodrig, being a defendant, could not institute the proceedings. 2d. That the proceedings instituted before Judge PARKER were still pending and undetermined when Judge BROOKS' order was made, and application for relief should have been made to Judge PARKER, upon an affidavit showing the facts. The motion was denied, and an appeal taken.

Mr. OSBORNE, *for defendant Wodrig, respondent.*
W. L. DAILEY, *for deft. A. L. Starring, appellant.*

The authority to entertain supplementary proceedings is vested in the judges as separate judicial officers, and not in the court ; and when once commenced, the jurisdiction of the judge must remain until fully completed. (13 *How.* 382 ; 7 *id.* 59.) The proceedings are regarded as a substitute for a creditor's bill under the former system, and the rules settled in reference to proceedings under these bills

may be regarded as controlling, when not altered by the Code. (2 *Abb.* 458; 2 *Duer,* 658.) In such cases discontinuance cannot be effected without an order. (10 *N. Y. R.* 500; 10 *How.* 85; 13 *Barb.* 183; 14 *How.* 95; *see also* 4 *Sandf.* 718; 11 *How.* 528; 15 *How.* 19; *id.* 412.) The defendant is as much entitled to costs in these proceedings, as a party in an equitable action. (7 *Paige,* 583.)

The proceedings instituted before Judge PARKER were not *abandoned.* The plaintiff did not refuse to attend. If he did not abandon them, they must still be pending; and if pending, the order of Judge BROOKS was improperly granted. If they were abandoned by the plaintiff, he cannot commence them anew, at least not before excusing his default. (1 *Bosw.* 690.)

By the court, CAMPBELL, Justice. I think the order of the Chemung county judge should have been vacated. There was an order in full force, made by a justice of this court, for the examination of the judgment debtor. Both the debtor and the creditor had attended pursuant to the order of Justice PARKER, on the very day the order was made by the county judge. There was no abandonment or discontinuance of the proceedings. The referee was absent, it is true; but a new time for the examination could have been agreed on, or the justice, on application to him, would have appointed a further or, other time, or the referee, I think, could, on application to him, have fixed a time for the examination. The order for the examination of a judgment debtor is not a mere process to enforce the execution of the judgment, and is not founded on the judgment alone, but upon new facts in part. As a substitute for a creditor's bill, it is, in its nature, a new suit. (*Griffen* agt. *Domniguez,* 2 *Duer,* 656.) It is instituted before the judge pursuant to authority given by statute, and the jurisdiction of the judge must continue until the examination is completed. (*Webber* agt. *Hobbie,* 13 *How.*

382.) When the proceedings are complete, the judge may allow to the creditor, or to the party examined, witnesses' fees and disbursements, and a fixed sum in addition. The creditor should not be allowed to go round to different judges and obtain new orders, without, at all events, a formal discontinuance of the preceding ones, and giving to the debtor an opportunity to apply at least for costs. If such practice should be tolerated, it will be seen that great hardship might result. In my opinion, Justice PARKER had full and complete jurisdiction of the matter; that his order was in full force when the order of the county judge was granted; and the latter order should be vacated with costs of the motion.

Order of county judge reversed, with $10 costs.