# SUPREME COURT.

## Phillip Schanck agt. William J. Conover.

*Supplementary proceedings — provisions of Rule 25 do not apply — when order for examination lapses or is discontinued.*

The provisions of Rule 25 that "whenever an application is made *ex parte* for an order the affidavit shall state whether any previous application has been made for such order, and if made to what court or judge, and what order or decision was made thereon," was not intended to apply to orders in supplementary proceedings ; or if intended to apply to them such intent is inoperative.

On motion to set aside an order for the examination of a third party on proceedings supplementary to execution, it appeared by the affidavit on which such motion was based, that, upon an affidavit showing the necessary facts two orders had previously been made by a county judge that the same party appear before a referee to be examined as to the same matters in October, 1878, and the hearing of one had been adjourned to November second, said party had not been examined under either of said orders, nor had either been continued by adjournment after that date. No formal discontinuance of proceedings has been made or notice of discontinuance given:

*Held*, that upon the failure of the party to appear at the adjourned day the plaintiff had the right to continue the same proceedings before the county judge by another order from him in continuation of such proceedings, or he might elect to commence new proceedings by an order, *de novo*, from the same or another judge, and that such election was an abandonment of the former proceedings and a new order would be valid.

*Special Term, November,* 1878.

Motion to set aside an order for the examination of a third party on proceedings supplementary to execution.

*W. S. Hubbell*, for motion.

*C. E. Yale* and *D. L. Johnston,* of counsel for plaintiff, opposed.

ANGLE, *J.*— On the 4th of November, 1878, an affidavit showing the issuing and return of an execution unsatisfied upon the judgment against the defendant herein; that proceedings supplementary to execution were pending against the defendant under section 292 of the Code, and that Leander J. Conover had property of the defendant and was indebted to the defendant in an amount exceeding ten dollars, I made an order requiring said Leander to appear before a referee on the 20th day of November, 1878, to answer concerning the same. This motion is made on behalf of Leander J. Conover, to set aside said order.

The first ground of the motion is, that the affidavit on which the order was granted does not, as required by Rule 25, state whether any previous application had been made for such order, and if made, to what judge, and what order or decision was made thereon.

This rule was not intended to apply to orders in supplementary proceedings, or if intended to apply to them such intent is inoperative (3 *Code Rep.*, 116; 14 *Abb.* [*N. S.*], 124, 125; 55 *N. Y.*, 524; 64 *N. Y.*, 120), and this ground for the motion must be overruled.

The other ground for the motion is upon facts appearing by the affidavit, which are that, upon an affidavit showing the necessary facts, two orders had previously been made by special county judge HULLETT, that said Leander Conover appear before a referee to be examined as to the same matters, in October 1878, and the hearing of one which had been adjourned to the second November; said Conover had not been examined under either of said orders, nor had either been continued by adjournment after that date. No formal discontinuance of proceedings has been made or notice of discontinuance given.

It is claimed by counsel for Leander J. Conover, that these

Schanck agt. Conover.

proceedings under the orders of judge HULLETT are yet pending and that the order granted by me is irregular. Counsel have argued the motion as though the decisions under section 292 were applicable to section 294, and I shall examine this question, assuming the authority of such decisions to this motion. The cases sustaining the motion are: *Allen* agt. *Starring* (26 *How.*, 57); *Burkway* agt. *Brien* (37 *How.*, 270); *Underwood* agt. *Sutcliffe* (10 *Hun*, 453); *Stanley* agt. *Lovett* (15 *Hun*, 412).

On the other side, and as showing that the orders of judge HULLETT had lapsed or been discontinued, are: *Thomas* agt. *Kircher* (15 *Abb.* [*N. S.*], 342); *Gaylord* agt. *Jones* (7 *Hun*, 480); *Squire* agt. *Young* (1 *Bosw.*, 690, *distinguished in* 54 *How.*, 89); *Edmonston* agt. *McLoud* (16 *N. Y.*, 543); *Ballou* agt. *Boland* (14 *Hun*, 355). I shall not critically examine these cases to see if they can be reconciled or to determine which are paramount, but hold that, upon the failure of Conover to appear at the adjourned day, the plaintiff had the right to continue the same proceedings commenced before judge HULLETT by another order from him in continuation of such proceedings; or, he might elect to commence new proceedings by an order, *de novo*, from the same or another judge, and that such election was an abandonment of the former proceedings, and the new order is valid. The motion is denied, but such is the confusion in the cases that it is without costs.