### KEIHEN *v.* SHIPHERD.

(*City Court of New York, Special Term.* March 11, 1889.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION—ABSENCE OF REFEREE.

Where the referee in supplementary proceedings does not appear at the time and place fixed for the examination, an order may be made in continuation of the proceeding directing the defendant to appear for examination as therein prescribed; Code Civil Proc. § 2454, providing how the proceeding shall be discontinued or dismissed, but not providing that the absence of the referee shall have that effect.

At chambers. On application for an order requiring defendant to appear and proceed with his examination.

Action by Thomas Keihen against J. R. Shipherd. An order in supplementary proceedings requiring defendant to appear before a referee and be examined was made, and he appeared as therein required, but the referee was absent. The parties agreed to appear on another day, and did so, but the referee was again absent. Afterwards the referee made an order requiring defendant to appear and proceed with his examination on a day named. The parties appeared. Defendant objected to the power of the referee to issue the order, and to the right of the creditor to proceed. The referee sustained the objections. Plaintiff thereupon made this application.

*Peckham & Tyler,* for motion. *J. R. Shipherd,* opposed.

McADAM, C. J. The absence of the referee did not terminate the proceeding, (*Allen* v. *Starring,* 26 How. Pr. 57; *Brockway* v. *Brien,* 37 How. Pr. 270; *Stanley* v. *Lovett,* 14 Hun, 412; *Schanck* v. *Conover,* 56 How. Pr. 437,) which may be resuscitated by an order made by the justice in continuation of the proceeding, (*Schanck* v. *Conover, supra.*) That this is the correct view of the practice is evidenced by the phraseology of section 2454 of the Code, which provides how such a proceeding shall be discontinued or dismissed. It does not provide that the absence of the justice or referee shall effect either of these results. The court in *Schanck* v. *Conover, supra,* holds that, in such a case, the judgment creditor may either continue the old proceeding, or treat that as abandoned, and institute a new one. Chief Justice DALY was of a different opinion, for in *Brockway* v. *Brien,* 37 How. Pr. 270, he held that the first proceeding must be finished, or some order made terminating it, before a new one can be instituted. This is certainly the better practice, for it harmonizes with section 2454, *supra,* and with the rule that where a statute prescribes the mode of doing an act, or accomplishing a result, it shall only be effected in the manner directed. The evident object of this section (2454) was to settle the practice, which had been placed in doubt by prior conflicting decisions. I therefore direct that in continuation of the order of June 12, 1888, the defendant appear at the chambers of this court for examination on March 18, 1889, at 10 A. M., and that the order of reference heretofore made be henceforth vacated. No costs.