## TOBIAS v. WALTON.

(City Court of New York, Special Term. March, 1909.)

EXECUTION (§ 370*)—SUPPLEMENTARY PROCEEDINGS—SIMULTANEOUS PROCEED-
INGS—EXAMINATION OF DEBTOR—DISMISSAL.

    Under Code Civ. Proc. § 2454, providing for the dismissal of supplementary proceedings by an order of the judge on the application of the judgment creditor, the failure to enter an order dismissing the supplementary proceeding is a valid objection to a subsequent order for defendant's examination, though through inadvertence his default in the first proceedings could not be noted.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1096; Dec. Dig. § 370.*]

Action by Julius D. Tobias against Lester R. Walton. Motion to vacate an order for defendant's examination. Granted.

Julius D. Tobias, in pro. per.
Richard Krause, for defendant.

FINELITE, J. The judgment debtor moves to vacate an order made herein, returnable on the 13th day of March, 1909, for his examination, upon the ground: That a previous order was made for the examination of the said judgment debtor which was returnable on the 20th day of February, 1909; that on the return of the last-named order his attorney then appearing for him (and being the same attorney who now appears upon the motion) requested an adjournment of the judgment creditor's attorney to the 27th day of February, 1909, which was granted; that through inadvertence the judgment debtor did not sign the adjournment, and on the 27th day of February, 1909, when the judgment debtor failed to appear, his default could not be noted. Thereafter and on the 2d day of March, 1909, the new order was obtained, made returnable on the 13th day of March as aforesaid, and which order the said judgment debtor, through the same attorney, now seeks to set aside on the ground that no order had been entered discontinuing the proceedings under the order of February 20, 1909.

When a proceeding supplementary has been exhausted or discontinued, an order should be entered thereon, before a new supplementary order is applied, asked for, or obtained. It is conceded by the attorney for the judgment creditor that no order was entered on the former order, under which the examination of the judgment debtor was discontinued and under the practice the proceedings can only be discontinued or dismissed by an order. Section 2454, Code Civ. Proc.; Matter of Rothschild v. Gould, 84 App. Div. 196, 82 N. Y. Supp. 558; Riddle & Bullard Supp. Proc. (3d Ed.) 172 et seq. Since such order was not entered, new proceedings could not be instituted. Gaylord v. Jones, 7 Hun, 480; Keihen v. Shipherd, 16 Civ. Proc. R. 183, 4 N. Y. Supp. 339, Riddle & Bullard Supp. Proc. (3d Ed.) 484; Schwarmecke v. Glenny, 54 Misc. Rep. 36, 103 N. Y. Supp. 499.

The last order obtained for the defendant's examination must be vacated, without costs and without prejudice. Submit order.