## WARD v. STODDARD.

· (Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. EXECUTION (§ 378*)—SUPPLEMENTARY PROCEEDINGS—ORDER—MODIFICATION —DATE OF RETURN—CHANGE—AUTHORITY OF JUDGE.

Supplementary proceedings for the examination of a debtor are denominated special proceedings by Code Civ. Proc. § 2433, and section 2434 declares that they may be instituted before a judge of the court out of which, or the county judge, special county judge, or the special surrogate of the county to which, the execution was issued, or where issued to the city and county of New York from a court other than the City Court of that city before a justice of the Supreme Court, and, where the judgment was recovered in a Municipal Court in the city of New York, it may be instituted before a justice of the City Court of that city. Section 2435 provides that the proceeding shall be instituted by an order requiring the debtor to attend and be examined concerning his property at a time and place specified. *Held*, that such order was an order of the judge or justice issuing it, and not a court order, and hence could not be modified or changed in any manner by a judge or justice other than the one issuing it, under section 2433, declaring that an order made by a judge out of court may be vacated or modified by the judge who made it, etc.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 378.*]

2. EXECUTION (§ 378*)—SUPPLEMENTARY PROCEEDINGS—ORDER FOR EXAMINATION—CONTINUANCE OF PROCEEDING INSTITUTED BEFORE ANOTHER JUDGE —STATUTES—"CONTINUED."

Civ. Proc. § 26, provides that in counties in the First and Second judicial districts, special proceedings instituted before a judge of a court of record or a proceeding commenced before a judge out of court in an action or special proceeding pending in a court of record may be "continued" from time to time before one or more other judges of the same court with like effect, as if it had been instituted or commenced before the judge who last heard the same. *Held*, that the term "continued," as so used, means the taking of the next step in the proceeding toward an ultimate determination thereof, and did not authorize a judge who had not granted an order for the examination of the debtor in supplementary proceedings in the first department to alter the order before service so as to require the debtor's appearance at a date later than that designated in the order.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 378.*

For other definitions, see Words and Phrases, vol. 2, pp. 1507, 1508.]

3. EXECUTION (§ 378*)—SUPPLEMENTARY PROCEEDINGS—ORDER—MODIFICATION.

Where it is impossible to serve an order for the examination of the debtor in supplementary proceedings within the time prescribed, the justice signing the order is authorized by Code Civ. Proc. § 772, to amend it by altering the return day or the place at which the debtor is required to attend, but, if it is necessary to apply to another justice, he has no power to do anything but issue a new order of his own.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 378.*]

4. EXECUTION (§ 379*)—SUPPLEMENTARY PROCEEDINGS—ORDER—SERVICE.

Service of an order requiring a debtor to appear and submit to an examination in supplementary proceedings must be made by exhibiting the original order under the hand of the judge making it.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1117; Dec. Dig. § 379.*]

5. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—PUNISHMENT—JURISDICTION—CONTINUATION OF PROCEEDINGS.

Code Civ. Proc. § 2457, provides that where a person required to appear and answer in supplementary proceedings, refuses, or, without sufficient

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

excuse, neglects, to obey an order of a judge, or referee, he may be punished by the judge or by the court out of which the execution was issued as for contempt. Section 26 declares that in counties within the First and Second judicial districts a special proceeding instituted before a judge of a court of record or a proceeding commenced before a judge out of court in an action or special proceeding pending in a court of record may be continued from time to time before one or more other judges of the same court with like effect as if it had been instituted before the judge who last hears the same. *Held* that, where supplementary proceedings against a debtor are instituted in New York county, the enforcement of orders by punishment as for a contempt should be regarded as a continuation of the proceeding instituted by the issuance of the order. and hence a justice of a court other than the justice signing the order may punish the debtor as for contempt for disobeying the same.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

Appeal from Appellate Term.

Supplementary proceedings by Thomas Ward, judgment creditor, against Charles H. Stoddard. From an order of the Appellate Term (127 N. Y. Supp. 713), reversing an order of the New York City Court adjudging the judgment debtor guilty of contempt, Ward appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

William C. Relyea, for appellant.
Howard A. Sperry, for respondent.

SCOTT, J. Appeal by a judgment creditor from a determination of the Appellate Term which reversed an order of the Chief Justice of the City Court adjudging the judgment debtor guilty of a contempt and punishing him therefor. The facts are succinctly and accurately stated in the opinion of Mr. Justice Brady at the Appellate Term, as follows:

"A judgment was rendered on January 24, 1902, for the sum of $46.06 in favor of the plaintiff against this defendant in the Municipal Court for the then Tenth district of Manhattan. The judgment was docketed on January 29, 1902, in the office of the clerk of New York county and an execution issued thereon out of the Supreme Court by said clerk on February 6, 1902. On August 9, 1910, an order was made by Hon. Peter Schmuck, a justice of the City Court of the city of New York, requiring the defendant to appear before him, one of the justices of said court, at chambers thereof, etc., on the 16th day of August, 1910, at 10 o'clock in the forenoon of that day, etc., to submit to examination in proceedings supplementary to execution.

"On September 13, 1910, the defendant judgment debtor was personally served with a paper which was in all respects a copy of said order, except that the date 'August 16th,' was stricken out and the date 'September 14th' substituted therefor and in the margin of the paper opposite said change were written the letters, 'E. B. L., J. C. C.' It is claimed by the respondent that the original order of Justice Schmuck was presented to Hon. Edward B. La Fetra, a justice of the City Court, sitting at chambers on August 16, 1910, at 10 a. m., for extension, and that the return date was altered from August 16, 1910, to September 14, 1910, and that said justice thereupon wrote upon the margin opposite said date the initials 'E. B. L., J. C. C.' to authenticate said change. The defendant failed to appear for examination or otherwise on September 14, 1910, and his default was noted. Thereafter on September 30, 1910, an order to show cause why said debtor should not be punished for con-

tempt was procured and on the return day, October 6, 1910, the debtor appeared specially by counsel and objected to the jurisdiction of the court to make the order. The Honorable Edward F. O'Dwyer, Chief Justice of the City Court, presiding at chambers, upon the return of said order to show cause, after due deliberation, adjudged the debtor in contempt and fined him the amount of the judgment and interest thereon with $20 costs, aggregating $90.01 and made the order from which said order the judgment-debtor appeals."

It is said, and for the purpose of this appeal will be assumed, that Justice La Fetra was presiding at the chambers of the City Court, and on August 16, 1910, wrote his initials opposite the alteration in the date of the original order of Justice Schmuck.

[1] This appeal presents two questions, as to which, as it appears, a difference of opinion and of practice has obtained, which, it is considered, should be definitely determined. The first question is whether when an order in proceedings supplementary to execution has been made by one justice requiring a judgment debtor to appear for examination, and such order has not been served, another justice may validly change the date fixed for the debtor's appearance. This question has been answered in the negative by Mr. Justice Marean of the Supreme Court (Vogel v. Ninmark, 62 Misc. Rep. 591, 116 N. Y. Supp. 825), and in the affirmative by Justice Green of the City Court (Bridges v. Koppleman, 63 Misc. Rep. 27, 117 N. Y. Supp. 306). A majority of the justices of the Appellate Term have expressed their concurrence with the views expressed by Mr. Justice Marean. With this view we also concur. Proceedings supplementary to execution are purely statutory, and no court has inherent jurisdiction respecting them. They are regulated by chapter 17, tit. 12, Code Civ. Proc., embracing sections 2432 to 2471, inclusive. The proceedings are of three kinds (section 2432), and each is denominated a special proceeding (section 2433). Either special proceeding may be instituted before a judge of the court out of which, or the county judge, special county judge, or the special surrogate of the county to which, the execution was issued, or where it was issued to the city and county of New York, from a court other than the City Court of that city, before a justice of the Supreme Court. "Where the judgment upon which execution was issued was recovered in a district (Municipal) Court of the city of New York either special proceedings shall be instituted before a justice of the City Court of the city of New York." Section 2434. The institution of the proceeding in a case like the present consists of the presentation to the judge or justice of proof of the requisite facts "by affidavit or other competent written evidence," and the granting of an order requiring the debtor to attend and be examined concerning his property at a time and place specified in the order. Section 2435. Since the jurisdiction to entertain the proceeding and issue such an order is confided expressly to the judge or justice, and not to the court of which he is a member, the order to be obtained must be a judge's order, and not a court order.

[4] The order must be signed by the judge or justice, and not by the clerk, because when served such service must be made by exhibiting the original order under the hand of the judge making it. It

seems to me to be entirely clear that no other judge has authority to alter or amend an order so issued and signed, and such is the clear rule laid down in section 2433, which provides that:

"An order made by judge out of court may be vacated or modified by the judge who made it, as if it were made in an action, or it, or the order of the judge vacating or modifying it may be vacated or modified, upon motion, by the court out of which the execution was issued."

It is not questioned, as I understand the briefs and the opinion in Bridges v. Koppleman, supra, that, if this section stood alone, there could be found no authority for one judge or justice to alter the order of another judge or justice.

[2] It is contended, however, that in this department such authority is conferred by section 26, Code Civ. Proc., which reads as follows:

"When one judge may continue proceedings commenced before another. In the counties within the first and second judicial districts, a special proceeding instituted before a judge of a court of record or a proceeding commenced before a judge of the court, out of court, in an action or special proceeding pending in a court of record may be continued from time to time, before one or more other judges of the same court, with like effect, as if it had been instituted or commenced before the judge, who last hears the same."

See, also, sections 53, 2462.

The argument is, as I understand it, that the special proceeding is instituted when the order for examination has been signed by a judge or justice, and that thereafter, by virtue of the section last quoted, any other judge or justice of the same court may do any act in continuation of the special proceeding, which could have been done by the judge or justice who signed the original order, including the act of vacating or modifying it. This I think places an entirely wrong construction upon the word "continued" in section 26. The section was doubtless framed in view of the large volume of judicial work in the First and Second Departments, which leads to the sitting of the justices in rotation in the different parts of the court, and the purpose of the section will be fully met, and as we consider the intended effect given to it, by holding that, when a special proceeding has been instituted before one judge or justice, the successive steps need not be taken by the same judge or justice, but may be taken by another. Thus in supplementary proceedings the next step after service upon the debtor of the order to appear and be examined is to administer an oath to him and cause him to be examined as to his property. In this department, or the Second, the probability is that on the return day a different justice from the one who signed the order will be found to be presiding in the place at which the debtor has been summoned to appear. In such a case, under section 26, and the other sections above cited, the justice who happens to be sitting will be authorized to "continue" the proceeding by administering the oath to the debtor. But there is nothing in section 26 to justify one justice in mutilating the order of another justice by changing the date or place upon or at which the judgment debtor is required to appear. Such an order, when so mutilated, becomes a nullity. It is neither the order of the justice who first signed it nor of him who undertook to alter it.

128 N.Y.S.—54

[3] If it is found to be impossible to serve an order within the time prescribed, the justice who signed it may undoubtedly amend it by altering the return day or the place at which the debtor is required to attend (section 772, Code Civ. Proc.), but, if it is necessary to apply to another justice, he can do nothing but issue a new order of his own.

[5] The second question presented on this appeal is whether or not a justice other than the justice who signed the order in supplementary proceedings may punish the debtor as for a contempt for disobeying the order. The doubt arises under the provisions of section 2457, Code Civ. Proc., relating to supplementary proceedings, which provides that:

"A person who refuses, or without sufficient excuse neglects, to obey an order of a judge or referee, * * * may be punished by the judge, or by the court out of which the execution was issued, as for a contempt."

. If this section stood alone, it would be clear that no judge except the one who made the disobeyed order would have jurisdiction to punish as for a contempt. If he were unable to act, jurisdiction would rest only with the court out of which the execution issued, which in case of an execution issued upon a judgment of the Municipal Court is the Supreme Court. The enforcement of orders in supplementary proceedings by punishment as for a contempt is, however, but one of the steps in the proceeding, and may fairly and reasonably be deemed to be a "continuation" of the proceeding instituted by the issuance of the order, and we think that this is one of the cases to which section 26, supra, was intended to apply. Such a construction serves to carry into effect the evident purpose which sections 26, 53, and 2462 were designed to effect. We are therefore of opinion that a justice other than the one who signed the disobeyed order may entertain proceedings to punish the disobedient debtor as for a contempt. But, since in this case the original order requiring the debtor to attend and be examined was not a valid order when served upon him, he was guilty of no contempt in refusing to obey it.

The determination of the Appellate Term must be affirmed, with costs. All concur.