(152 App. Div. 471.)

### PYNE v. MARX & RAWOLLE.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—RES IPSA LOQUITUR.

An employer was injured by the falling of a machine on which he was working, which had been hoisted for that purpose. In an action for his injuries, no defect was shown in the hoisting apparatus, and no showing of negligence in the workmen who raised the machine was made. *Held,* that res ipsa loquitur will not support the action, as the circumstances are consistent with vigilance on the part of the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908; Dec. Dig. § 265.*]

Appeal from Trial Term, Kings County.

Action by William Pyne against Marx & Rawolle. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

J. Stewart Ross, of Brooklyn, for appellant.
I. R. Oeland, of Brooklyn, for respondents.

THOMAS, J. Defendants' four servants were placing putty on an iron superheater, when it fell on plaintiff's hand. It was slung in a chain fastened to a fall passing through a block. The chain passed over a wheel and through a cogwheel, and as it was pulled from one side the burden was lifted, and from the other it was lowered, and the hooks were meantime forced into their proper place by springs that prevented slipping. The superheater was raised some four inches from the floor, and rested on blocks, and after its surface had been puttied it was raised about a half inch to allow the blocks to be removed. This was done, and, while the plaintiff and others were placing putty where the blocks had been in contact with the superheater, it fell. There was no disturbance of the equipment found, save that the end of the chain had slipped off the wheel; but it is not intimated that this contributed to the accident. The superheater was at once raised by the same apparatus, and no defect at the time of, before, or after the accident was shown. So the plaintiff invokes the rule of res ipsa loquitur.

The masters supplied a tried method of raising and lowering the superheater. They furnished chains that were strong, and unchallenged devices for holding them fast, when need be. They afforded the co-operation of skilled and competent servants. The appliance was in its arrangement and action manifest to the eye. Four men were familiar with it and looking at it, and it continued in full view after the accident. And yet no one states any abnormal condition, or shows any cause that did, could, or must have caused the fall. In every known way the masters had used ordinary care for the protection of their servants. The workman, also the man in immediate charge, is not shown to have negligently raised the superheater; nor does it appear that the spring pressing in the hooks was inadequate.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The doctrine of res ipsa loquitur puts the master to an explanation of his conduct only so that it may appear whether he has fulfilled his duty. But here everything was in complete order and strength, and no master could have used greater diligence.

However, I do not regard the rule as applicable. The happening of the accident does not of itself speak of negligent masters, while the circumstances rather show them vigilant. Nor does the happening of itself indicate of necessity negligence. There are no intricate or obscured mechanical parts here involved, starting into motion uninfluenced by the operator, and thereby declaring that something was so out of repair as to permit the escape and application of power. There the argument is that a machine in repair does not start of itself, that it did so start, and hence it was out of repair; so let the master show due inspection and needed correction. In the present case, the plaintiff's case shows an abnormal slip, and all the simple parts normal, and no fact or opinion suggests that the foreman did aught that induced the fall. The facts do not speak, and no expert has furnished an opinion upon which negligence can be based. So the case is indeed void of anything that condemns the employers.

The judgment should be affirmed, with costs. All concur.

(152 App. Div. 503.)

### In re CATSKILL AQUEDUCT, SECTION NO. 1.

(Supreme Court, Appellate Division, Second Department.   September 10, 1912.)

EMINENT DOMAIN (§ 245*)—ACQUISITION OF LAND FOR PUBLIC PURPOSES—RESERVATION OF EASEMENTS—MODIFICATIONS.

> Where a city, taking land for a water supply, took with a reservation of easements for ways of access to remaining land of the owner, it owed the owner compensation, and it could not thereafter provide other ways to reduce the consequential damages; and an order so permitting was not an amendment of a defect, allowed by Laws 1905, c. 724, § 23, authorizing amendments to cure defects and informality in proceedings to acquire land.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 637; Dec. Dig. § 245.*]

Hirschberg, J., dissenting.

Appeal from Special Term, Westchester County.