---

(92 Misc. Rep. 351)

### GERMAN EXCHANGE BANK v. SCHLANG.

(City Court of New York, Special Term. November 24, 1915.)

1. EXECUTION ⬤⟞380—PROCEEDINGS SUPPLEMENTARY TO EXECUTION—ORDER FOR EXAMINATION.

Code Civ. Proc. § 2454, declares that a special proceeding supplementary to execution may be discontinued at any time upon such terms as justice requires by an order of the judge made upon application of the judgment creditor, and that where such creditor unreasonably neglects to proceed, or it appears that his judgment has been satisfied, the proceeding may be dismissed on application of the judgment debtor. Execution was returned unsatisfied, and the creditor then obtained two orders for examination of the debtor, which, after due and diligent search, were returned unserved. Held that, as such orders became void at the option of the creditor and could only be revived upon application to the judge, an order discontinuing such proceedings was not necessary to secure a third order for examination of the debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1118; Dec. Dig. ⬤⟞380.]

2. EXECUTION ⬤⟞378—PROCEEDINGS SUPPLEMENTARY—ORDERS FOR EXAMINATION OF DEBTOR.

Where orders for the examination of a judgment debtor were returned unserved, they may be revived on application of the creditor to the justice who made the order by his initialing the same on the margin and changing the return date.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1114–1116; Dec. Dig. ⬤⟞378.]

Application by the German Exchange Bank for an examination of Charles Schlang, judgment debtor, in proceedings supplementary to execution. Motion granted.

Steiner & Peterson, of New York City (Joseph Kohan, of New York City, of counsel), for the motion.

Samuel A. Langfur, of New York City, opposed.

FINELITE, J. This motion has been referred to me for decision, for the reason that the order hereinafter referred to was issued by me. It appears from the facts herein that on August 18, 1915, an order in supplementary proceedings was issued to examine the judgment debtor concerning his property. This order for the examination of the judgment debtor was made after a return by the sheriff of the county of New York of an execution wholly unsatisfied, issued on a judgment theretofore recovered in favor of the plaintiff in this court on the 12th day of March, 1915, for the sum of $1,937.14.

[1, 2] The affidavit upon which the order for the examination of the debtor was obtained contained the statement *"that two previous orders for the examination of the debtor had been obtained, but after due and*

---

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*diligent effort these orders could not be served on the judgment debtor."*
On the return day of the said last-mentioned order, on August 20, 1915,
the debtor appeared by attorney and moved to vacate the order on the
ground that the orders theretofore obtained were still in existence, as
no order of discontinuance had been entered. The court granted the
motion to vacate said order. The question now presented is: Is it
necessary to enter an order of discontinuance in a special proceeding
instituted by the judgment creditor for the examination of the judg-
ment debtor after the return of an execution where the debtor is not
served with an order? It is true that the orders heretofore obtained
before the last order was issued became void or voidable or in full
force at the option of the judgment creditor. The orders became a nulli-
ty unless revived, as held in Ward v. Stoddard, 144 App. Div. 147, 128
N. Y. Supp. 846, and could be revived by the justice who made the or-
der by his initialing same on the margin thereof, by changing the re-
turn date thereon before the service of the same. The judgment credi-
tor could not have two orders revived. It would be necessary to keep
one alive, as before stated. This has not been done by the judgment
creditor. Supplementary proceedings can be instituted only by an or-
der; they can only be discontinued or dismissed by an order (section
2454, C. C. P.); and this is clear. Proceedings are statutory, and the
statute must be strictly followed. The object of a resort to these pro-
ceedings is to aid the creditor in collecting his judgment. The proceed-
ings herein, when the third order was obtained, which is in question,
had been legally issued, as required by the statute.

There has been a great deal of contention in the practice of supple-
mentary proceedings in reference to discontinuing orders by entering
an order thereon where the examination had been had and before ter-
mination, or when proceedings adjourned without day or hour fixed,
or when the time had elapsed. In such an instance it is necessary to
enter an order of discontinuance terminating the proceedings. And
where the order for the examination of the judgment debtor has been
obtained and served upon the judgment debtor, and wherein the time
within which to examine the judgment debtor had not yet arrived, the
judgment creditor desiring to discontinue the proceedings, in such an
instance it is necessary to enter an order by the court discontinuing
same (C. C. P. § 2454; Matter of Rothschild v. Gould, 84 App. Div. 196,
82 N. Y. Supp. 558; Riddle and Bullard, Supp. Proc. [3d Ed.] 172 et
seq.), and where such order was not entered new proceedings could
not be instituted (Gaylord v. Jones, 7 Hun, 480; Keihen v. Shipherd,
16 Civ. Proc. R. 183, 4 N. Y. Supp. 339, and cases therein cited; Riddle
and Bullard, Supp. Proc. [3d Ed.] 484; Schwarmecke v. Glenny, 54
Misc. Rep. 36, 103 N. Y. Supp. 499; Tobias v. Walton [City Ct.] 116
N. Y. Supp. 587). But where an order in supplementary proceedings is
allowed to lapse, in an instance wherein the court had not yet obtained
jurisdiction over the judgment debtor, such order falls by itself and
becomes a nullity, and no order is necessary to be entered discontinuing
such proceedings as prerequisite to the issuance of a new order.

I find but one decision upholding the judgment debtor's contention
that the order must be entered discontinuing the proceedings irrespec-

tive of the service of the order upon the judgment debtor before a new order can be issued, or wherein the proceedings are actually abandoned they do not fall of their own weight, but should be terminated only by entry of a subsequent order (Westervelt v. Shapiro [Sup.] 132 N. Y. Supp. 338, bottom of page 340), but on reading the authorities cited therein, such as Rothschild v. Gould, supra, and Crystal v. Crystal (Sup.) 120 N. Y. Supp. 50, hold that the proceedings are such that the orders had been served and adjournments had and the proceedings allowed to lapse, such proceedings could not fall by their own weight, but must be terminated by an entry of a subsequent order. It follows, therefore, that the orders heretofore obtained before the issuance of the third order, not having been served, became a nullity, and the proceedings thereunder fall for the reasons hereinbefore expressed. The last order in question, of August 20, 1915, being proper in form and served upon the judgment debtor, is a valid order irrespective of the two previous orders having been issued.

Motion granted. The judgment debtor is therefore directed to appear and submit to an examination concerning his property on the 29th day of November, 1915, at Special Term, Part II, of this court. Submit order.