Supreme Court, July, 1917. [Vol. 100.

Matter of Proceedings Supplementary to Execution: Louis Dorfman, Plaintiff and Judgment Creditor, v. Mark Jacobs, Defendant and Judgment Debtor.

(Supreme Court, Kings Special Term, July, 1917.)

Motions and orders — supplementary proceedings — examination of judgment debtor — when entry of formal order vacating first order unnecessary.

Where no service was made of an order for the examination of a judgment debtor in proceedings supplementary to execution, and its return has passed, it has no validity and may be disregarded except that the fact that it had been granted should be stated in an application for a new order; the entry of a formal order vacating the first order is unnecessary.

Motion by judgment debtor to vacate an order directing his examination.

Louis Dorfman, for judgment creditor.

Felix Reifschneider, Jr., for judgment debtor, appearing specially.

Cropsey, J. The judgment debtor appears specially for the purpose of moving to vacate the order directing his examination. The only point raised which merits discussion is that as the papers upon which the order was granted show that a previous order to examine the defendant had been signed, and as it does not appear that an order discontinuing the former proceeding had ever been entered, the present order was improperly granted.

The affidavit upon which this order was made states that a former order was applied for and signed but never served upon the judgment debtor and that the

return day of that order had passed before the new application was made. The question is, was it necessary to enter a formal order vacating the order first signed or discontinuing proceedings.

A civil action is commenced by the service of a summons. Code Civ. Pro. § 416. While there is no provision exactly similar relating to special proceedings there are provisions in the Code that plainly indicate that such a proceeding is commenced only by the service of the papers. §§ 430–433. The mere signing of an order in supplementary proceedings is not the commencement of the proceeding. While the contrary was stated in *Bridges* v. *Koppleman*, 63 Misc. Rep. 27, 37, this decision was overruled and a contrary holding made in *Ward* v. *Stoddard*, 144 App. Div. 143, 147. Moreover section 3348 of the Code of Civil Procedure, which is cited as the basis for the judgment debtor's contention, has only a restricted meaning.

While an order for the examination of a debtor may be amended by the judge making it, it cannot be changed by any other judge. No other judge has the power even to change its return day. *Ward* v. *Stoddard*, 144 App. Div. 143. If the return day has passed and the judge who made the order is not available a new order must be obtained. It is not necessary to have the first order vacated or the proceeding discontinued. As it was never served and its return day is past it has no validity and may be disregarded except, of course, that the fact that it was issued should be stated in the new application in order to comply with rule 25 of the General Rules of Practice; and, of course, the same is true whether the application for the new order is made to a different judge or to the same judge who signed the original.

While it is held that a judge may modify his own order, when that is done it is, in effect, making a new

38

order.  Counsel for the judgment debtor concedes that had the return date of the original order been changed by the judge who signed it it would have been valid.  The effect of signing the new order was exactly the same as though the former order had been modified.  In neither case would there have been any order vacating the original order or discontinuing the proceedings under it.  No such order is necessary as no proceedings were had under the former order. Even if proceedings had been taken under the former order they could be consolidated with those under a subsequent order.  *Bendick* v. *Meyer,* 72 Misc. Rep. 156.

The authorities cited by the judgment debtor are not opposed to this decision.  In each of them the formal order had been served and the proceeding commenced, and that proceeding was pending when the subsequent order was obtained.

Motion denied.