In the Matter of the Judicial Settlement of the Account of Proceedings of ELIZABETH PRATT DE GASQUET JAMES, as Ancillary Executrix under the Will of AMEDEE DE GASQUET JAMES, Deceased.*

In the Matter of Supplementary Proceedings. GEORGE W. PRATT DE GASQUET JAMES, Judgment Creditor, v. ELIZABETH PRATT DE GASQUET JAMES, Judgment Debtor.

In the Matter of Supplementary Proceedings. PAULINE ANDREE DE LA METTRIE, Judgment Creditor, v. ELIZABETH PRATT DE GASQUET JAMES, Judgment Debtor.

In the Matter of Supplementary Proceedings. VICTOIRE LOUISE DE LIBRAN (Now NIEL), Judgment Creditor, v. ELIZABETH PRATT DE GASQUET JAMES, Judgment Debtor.

In the Matter of Supplementary Proceedings. HERWARTH VON DER DECKEN, Judgment Creditor, v. ELIZABETH PRATT DE GASQUET JAMES, Judgment Debtor.

In the Matter of Supplementary Proceedings. ELIZABETH BLEECKER VON DER DECKEN, Judgment Creditor, v. ELIZABETH PRATT DE GASQUET JAMES, Judgment Debtor.

Surrogate's Court, Ulster County, August 21, 1929.

---

* See, also, 128 Misc. 528.

*Root, Clark, Buckner, Howland & Ballantine* [*H. H. Breland* of counsel], for Elizabeth Pratt De Gasquet James, individually and as ancillary executrix of the last will and testament of Amedee De Gasquet James, deceased.

*J. Noble Hayes* [*Edgar G. Wandless* of counsel], for David Keane, receiver, and for George W. Pratt De Gasquet James and Pauline Andree De La Mettrie.

*Coudert Bros.*, for Victoire Louise De Libran (now Niel).

*Taylor, Blanc, Capron & Marsh*, for Herwarth Von Der Decken.

*Slayton & Jackson*, for Elizabeth Bleecker Von Der Decken (now Countess Finck von Finckelstein).

KAUFMAN, S. On November 3, 1917, a decree of the Ulster County Surrogate's Court was duly made and entered directing the payment by Elizabeth Pratt De Gasquet James, as ancillary executrix under the will of Amedee De Gasquet James, deceased, to George W. Pratt De Gasquet James, Pauline Andree De La Mettrie, Victoire Louise De Libran, Herwarth Von Der Decken and Elizabeth Bleecker Von Der Decken of large sums of money. Transcripts of such decree were thereafter filed in the offices of the clerks of the counties of Ulster, New York, Albany and Oneida, and executions for the collection of the amounts adjudged to be due under the decree were issued by the clerk of this court to the sheriffs of said counties. In aid of each of these executions supplementary proceedings were instituted. The first of these proceedings was instituted in the county of New York by George W. Pratt De Gasquet James, one of the creditors named in the decree and in that proceeding an order was on June 18, 1923, made by Hon. RICHARD P. LYDON, one of the justices of the Supreme Court in and for the county of New York, appointing David Keane to be receiver of the property of the judgment debtor named in the decree. Thereafter by an order of Hon. F. H. HAZARD, county judge of Oneida county, dated July 28, 1923, said receivership was extended to the supplementary proceedings instituted by Pauline Andree De La Mettrie. On August 4, 1926, by order of Hon. THOMAS C. T. CRAIN, justice of the Supreme Court in and for the county of New York, said receivership was extended to a supplementary proceeding instituted by Victoire Louise De Libran (now Niel). On September 24, 1928, by an order of Hon. JOSEPH M. CALLAGHAN, a Supreme Court justice of New York county, said receivership was extended to a supplementary proceeding instituted by Herwarth Von Der Decken and also to a

supplementary proceeding instituted by Elizabeth Bleecker Von Der Decken.

On December 15, 1925, the judgment debtor duly satisfied and discharged the claims of George W. Pratt De Gasquet James and Pauline Andree De La Mettrie under the decree. It appears that there is now in the hands of the receiver approximately sixty thousand dollars and that the three remaining creditors named in the decree have reached an agreement which will permit the discharge of their claims and the winding up of the receivership. This arrangement will necessitate the use of moneys now in the hands of the receiver and application is now made to this court for an order directing the receiver to render and file his account.

Upon the hearing of this motion a preliminary objection to the jurisdiction of this court has been raised by the attorney for the receiver who asserts that this court is without jurisdiction inasmuch as the original order appointing the receiver was granted by a justice of the Supreme Court, one of the orders extending the receivership was granted by the county judge of Oneida county and the other three orders extending the receivership were granted by Supreme Court justices. In accordance with the stipulation of the attorneys in open court this preliminary objection as to the court's jurisdiction will be disposed of prior to the other questions involved.

A careful examination of the authorities and of the relevant provisions of the Civil Practice Act and Surrogate's Court Act leads me to the conclusion that this court has jurisdiction of the matters now at bar and that the present motion is properly before it. The decree for the collection of which the supplementary proceedings were instituted, wherein the receivership was created, was a decree of this court. By the docketing of transcripts thereof in the various clerk's offices it did not become a judgment of the Supreme Court but retained its identity as a decree of this court. The object of docketing a decree is to create a lien upon the property of the party charged with the payment of the money adjudged by the decree to be due, and not to change the character of the decree or to divest the surrogate of jurisdiction. Under the provisions of section 83 of the Surrogate's Court Act any execution for the collection of the decree in question was required to be issued by the surrogate or the clerk of this court under the seal of this court and to be made returnable to this court. Under the provisions of section 811 of the Civil Practice Act a receiver appointed in proceedings supplementary to execution is made subject to the direction and control of the court out of which the execution issues. Proceedings supplementary to execution are purely statutory and no court has inherent jurisdiction respecting them.

(*Matter of Ward* v. *Stoddard*, 144 App. Div. 143, 145.) In the absence of any such inherent jurisdiction in any other court the provisions of the Surrogate's Court Act and Civil Practice Act above cited must control.

The contention of the attorney for the receiver that the receiver was appointed by the county judge of Oneida county and that by reason thereof the present case falls within one of the exceptions set forth in section 811 of the Civil Practice Act is untenable. The original order appointing the receiver was that of Mr. Justice LYDON of the Supreme Court, dated June 18, 1923. The order of the Oneida county judge was granted on July 28, 1923, and while it is somewhat in the form of an order appointing a receiver its effect was merely to extend the receivership to the particular supplementary proceeding in which it was granted. Section 807 of the Civil Practice Act provides: " Only one receiver of the property of a judgment debtor shall be appointed. Where a receiver thereof has already been appointed, the judge, instead of making the order prescribed in the last section but one [§ 805], must make an order extending the receivership to the special proceeding before him."

Nor does the order of the Supreme Court dated December 21, 1928, in my opinion in any wise interfere with or restrain the decision by this court of the present controversy. Unfortunately a copy of that order is not before me but it does appear from the moving papers that the provisions of the order were to restrain the judgment debtor and her attorneys from proceeding in this court to vacate the orders appointing David Keane receiver or in any wise interfering with said receivership. The result of the present decision will not be to affect the appointment of the receiver or to interfere with the receivership. It will be merely a determination of the question whether this court has jurisdiction to decide the motion now before it or not. Certainly it cannot be reasonably contended that the order of December 21, 1928, prevents such a decision. This court has not been prohibited from exercising its jurisdiction in the matter and in view of the provisions of the Civil Practice Act and Surrogate's Court Act heretofore cited which vests the control of the receiver in this court, I am convinced that it cannot be so prohibited. In the absence of an order of prohibition restraining this court from proceeding in the matter, I shall not hesitate to determine the questions involved in the present motion.

My decision, therefore, is that the objections to this court's jurisdiction of the present motion are not well founded and must be dismissed. An order to that effect may be entered accordingly, and further argument upon the merits of the motion will be had before me on the fourth day of September next at eleven-thirty A. M.