# SUPREME COURT.

## JOHN C. SHULTS agt. SAMUEL N. ANDREWS.

*Supplementry proceedings — Privilege from service of process.*

Where a motion to set aside an order in supplementary proceedings has been granted, but no order to that effect entered, the judgment debtor cannot object to a second order on the ground of the pendency of the prior proceeding.

A witness has a reasonable time to return to his residence; but if, instead of doing that, he proceeds about his business, he loses his privilege.

The fact that the witness was arrested in another action, with which the plaintiff is in no way connected, and gave bail, does not continue his privilege.

*Oneida Special Term, January,* 1878.

MOTION by defendant to set aside an order to appear and be examined in supplementary proceedings.

*E. E. Sheldon,* for motion.

*P. H. McEvoy,* opposed.

MERWIN, *J.* — The first ground is the pendency of a prior proceeding on an order made by the same judge.

On the 27th December, 1877, the first order was made, and on the twenty-eighth a hearing was had of both parties, on a motion by defendant to vacate the order for irregularity (*See S. C., ante,* 376–378).

This motion was granted and a written decision of the judge, with the papers in the case, delivered on the twenty-

ninth, by the direction of the judge, to defendant's attorney, he being the prevailing party. No order has been entered on this decision.

On the thirty-first, another order for the defendant to appear and answer was granted by the same officer, returnable on the 2d January, 1878.

It was the duty of the prevailing party to enter the order if an entry was required (*Savage* agt. *Relyea*, 3 *How.*, 276), and his negligence in that regard is not a very good ground for him to object to the second order. It is doubtful at least, whether it was necessary to enter it (*Squire* agt. *Young*, 1 *Bosw.*, 690).

The Code does not require it, except for appeal.

I do not think this ground of objection tenable.

The second ground for setting aside the order is, that the defendant was privileged from service by reason of being a witness.

The defendant is a resident of Kansas, and came to Herkimer county just prior to December first, to be a witness in several cases on the calendar of the December circuit, commencing December third, and closing December fifteenth. The cases were not tried.

Defendant claims his privilege has continued since the circuit, for two reasons. First, that the new circuit commences February twenty-fifth, and it will be more convenient and less expensive for him to stay over till then, than to return to Kansas. Second, that on the fifth of December, he was arrested in another action and gave bail, and that he cannot leave till that order is set aside, as his bail may stop him. That order does not appear to have been set aside, and I cannot assume in this proceeding that it was a legal order. If so I do not see how it affects the present question, as the plaintiff here is in no way connected with it, or responsible for it; besides, the bail have not remanded the defendant, and for aught that appears, he has been at perfect liberty to return since the fifteenth of December.

Shults agt. Andrews.

Nor does it appear that it would be more expensive for him to go than to stay. A witness has a reasonable time to return to his residence (*Clark* agt. *Grant*, 2 *Wend.*, 257); if instead of doing that he proceeds about his business, he loses his privilege (*Smith* agt. *Brady*, 4 *Doll.*, 329); that I think is the present case (66 *N. Y.*, 126).

Motion denied, with ten dollars costs.