CHARLES GRISWOLD, Respondent, *v.* LEWIS P. KILE and Others, Appellants.

*A voluntary payment, made with knowledge of the facts, cannot be recovered — client bound by the knowledge of his attorney.*

A party to a note, procured from him by fraud, who pays it with full knowledge of the material facts, cannot recover his money from the parties to the fraud, although the payment was made to an alleged *bona fide* holder who was in fact a participant in the fraud.

The plaintiff in such an action, though he personally may not know all the facts, is chargeable with the information regarding them possessed by his counsel at the time of payment, though the information may have been obtained by such counsel in the execution of his duties as district attorney.

APPEAL by the defendants, Lewis P. Kile and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 11th day of January, 1895, upon the verdict of a jury rendered after a trial at the Cortland Circuit, and also from an order entered in said clerk's office on the 13th day of April, 1896, denying the defendants' motion for a new trial made upon a case containing exceptions.

*John N. Carlisle,* for the appellants.

*Horace L. Bronson,* for the respondent.

LANDON, J.:

The defendant Mitchell sued the plaintiff upon a promissory note made by him, alleging that he was a *bona fide* holder for value before maturity, and the plaintiff served an answer containing a general denial, and alleging that the note was procured by fraud. Afterwards, upon payment by plaintiff of the amount of the note, the action was discontinued, and soon after the plaintiff brought this action to recover back the money he had paid in the former action, and the expenses he had incurred therein, charging the three defendants with fraud and conspiracy in procuring the note, in bringing suit thereon in the name of Mitchell as *bona fide* holder, and in obtaining from plaintiff payment thereof in settlement of said suit, and subjecting him to the expenses incurred thereby.

When the plaintiff and the defendant Mitchell or their respective attorneys settled the first action, the plaintiff knew all the facts

respecting the fraud practiced upon him in procuring the note, and the evidence tended strongly to show that he had notice of Mitchell's complicity in the fraud.

Before the settlement the plaintiff made a · motion to change the place of trial upon the ground of the convenience of the witnesses, and supported it by his affidavit that he expected to prove by them the fraud.    It thus appears he was willing to try the case if he could do so in the county of his residence.   This motion was denied.

He also presented the case to the grand jury.   The witness Barlow, by whom he proved upon this trial Mitchell's complicity in the fraud whereby the note was procured, gave his testimony before the grand jury.

The motion to change the venue and the investigation before the grand jury were well calculated to bring out all the facts.   The district attorney was also counsel for the plaintiff, and thus it appears that when the plaintiff was advised to settle the action in Jefferson county upon the note and bring this action in Cortland county where he resided, his advisers were informed, in respect to the fact proved by Barlow upon this trial, of the defendant Mitchell's complicity in the fraud.   The plaintiff did not deny that he was informed of the facts proven before the grand jury.   If not fully advised, his counsel were, and their knowledge was his knowledge; otherwise his counsel, by advancing him and suppressing themselves, could procure for him an unfair advantage.   The plaintiff did not testify to any material fact of which he had no notice before the settlement.

The payment of the note in settlement of the first suit was thus a voluntary payment made with knowledge of all the material facts, and of the witnesses by whom they could be proved, and hence the plaintiff was not entitled to maintain this action.   (*Parsons* v. *Hughes*, 9 Paige, 592; *Adams* v. *Sage*, 28 N. Y. 103; *Bach* v. *Tuch*, 126 id. 53.)

We think the defendants' motion for a nonsuit made at the close of the whole testimony should have been granted.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.