In re ROTHSCHILD.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. MANDAMUS—MONEY IN LIEU OF BAIL—RIGHT OF DEPOSITOR.

In a criminal proceeding against S., money belonging to R. was deposited with the chamberlain in lieu of bail for the appearance of S., the receipt for the money reciting that R., for defendant S., has deposited with the chamberlain $5,000 as security for defendant's appearance. The proceeding against S. was dismissed. Before the dismissal, the chamberlain was restrained from making any disposition of the property belonging to S. by orders contained in orders for the examination of the chamberlain in supplementary proceedings brought by judgment creditors of S. The affidavit of S. averred that the money deposited belonged to R. *Held* that, while the restraining orders continued effective, mandamus requiring the chamberlain to pay the money to R. would not lie.

2. SUPPLEMENTARY PROCEEDINGS—ABANDONMENT—DISCONTINUANCE.

Since Code Civ. Proc. § 2454, requires that a discontinuance of supplementary proceedings must be made by order of a judge, the mere adjournment of the proceedings to a time thereafter to be fixed does not constitute an abandonment of the proceedings so as to render an injunction issued therein ineffective.

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

Mandamus, on the relation of Harry Rothschild, against Elgin R. L. Gould, as chamberlain of the city of New York, to compel the chamberlain to pay over to the relator $5,000 deposited to secure the appearance of one Moses Schwartz in a criminal proceeding. From an order denying a motion for a peremptory writ, relator appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. H. Parkhurst, for appellant.
C. A. O'Neil, for respondent.

PATTERSON, J. The relator applied to the court below for a peremptory writ of mandamus to compel the chamberlain of the city of New York to pay over to him the sum of $5,000 which had been deposited with the chamberlain in lieu of bail for one Moses Schwartz, who was under indictments in the Court of General Sessions of the Peace of the County of New York. At the time the money was deposited a receipt was given, in which it is stated that Harry Rothschild, "for the defendant above named, has deposited with the chamberlain of the city of New York, this day, the amount of $5,000 * * * as security for said defendant's appearance * * * pursuant to section 985 of the Code of Criminal Procedure." On the 6th day of January, 1903, the indictments against Schwartz were dismissed on motion of the district attorney. On the 2d of February, 1903, an order was made by one of the justices of the Court of General Sessions of the Peace of the County of New York, directing that, by the consent of the district attorney, the "county treasurer" of New

¶ 2. See Execution, vol. 21, Cent. Dig. § 1143.

York refund the money, deposited as aforesaid, to the defendant. Upon this order being presented to the chamberlain, he declined to pay the money, for the reason that he had been enjoined by orders of justices of the Supreme Court—one made in June, 1902, and the other in August, 1902—from transferring or making any disposition of any property belonging to Moses Schwartz. These restraints were contained in orders for the examination of the chamberlain in supplementary proceedings brought by judgment creditors of Schwartz. The only reason ascribed by the chamberlain for not paying the money is the restraint contained in those orders. On the chamberlain's refusal to pay, the relator made application for a peremptory writ of mandamus, stating in his moving papers that the $5,000 was his money; that he had deposited it in lieu of bail; and also showing, by an affidavit of Schwartz, that the money belonged to the relator, and not to him, Schwartz. A demand had been duly made on the chamberlain for the money, and an affidavit of Schwartz, setting forth the facts, and containing a request that the $5,000 be paid over to Rothschild, was presented to the chamberlain before application for a writ was made. The application has been denied by the court below, and the relator appeals.

In People ex rel. Meyer v. Gould, 75 App. Div. 524, 78 N. Y. Supp. 279, we held that where money is deposited, pursuant to section 586 of the Code of Criminal Procedure, by a third party, in lieu of bail for one under indictment, and as security for the appearance of the person so indicted, that money is presumed to be the property of the defendant in the indictment, only for the purposes of that particular proceeding; and where the person so indicted executes an instrument admitting that the money so deposited does not belong to him, but to a third person who deposited it, and directing that the money be paid to such third person, a judgment creditor of the defendant in the indictment has no interest in the money. That, however, was a proceeding brought by a creditor in which no question involving the real ownership of the money could have been litigated. It was shown that the money actually belonged to the third party who deposited it, and the fact was not disputed.

The case just adverted to is not controlling in this proceeding. Here the chamberlain was enjoined from paying out the money by orders which recite that it appeared to the satisfaction of the justices who issued them that the chamberlain had in his possession personal property of the defendant, exceeding $10 in value. The order of the Court of General Sessions directed the chamberlain to pay the money to the defendant. The injunctions arrested the money in the hands of the chamberlain, and so long as they are operative that officer should not be compelled to incur the peril of determining for himself to whom payment should be made. As remarked by the court below: "While the orders stand, there remains a question of fact as to the right of these creditors to reach the fund, and they are entitled to be heard, but they are not now before the court." In People ex rel. Meyer v. Gould, supra, the creditor was before the court, and it was admitted that the money belonged to the third party who had deposited it. But it may be said that the injunctions were not opera-

tive in this case because the orders for the examination of the chamberlain in supplementary proceedings were spent. Upon an examination of those orders as they are printed in the record, we find that as to both of them the examinations were adjourned to a time thereafter to be fixed, and it may be urged that that was tantamount to an abandonment of the proceedings. Whatever difference of opinion there may have been at one time respecting the effect of such an indefinite adjournment of the proceeding, it is now provided by section 2454 of the Code of Civil Procedure, which relates to proceedings of this character, that the discontinuance must be made by order of a judge. It does not fall of its own weight for neglect to prosecute it. Riddle & Bullard on Supplementary Proceedings, p. 172 et seq. Bradner's Practice in Supplementary Proceedings, p. 119. These injunction orders are still effective, and the chamberlain should not be required to pay over this money until the restraint now imposed upon him is removed.

The order appealed from should be affirmed, with costs.

HATCH and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. (dissenting). The fact is not disputed but what the $5,000 held by the chamberlain of the city of New York belongs to the appellant, Rothschild. It was deposited by him with the chamberlain in lieu of bail for one Schwartz. These facts appear not only from the affidavits of Rothschild and Schwartz, but also from the receipt which the chamberlain gave when the money was deposited. But it is said that the application was properly denied because the chamberlain was enjoined by orders of the court from paying the money to Rothschild. The orders referred to were granted in proceedings supplementary to execution, instituted upon judgments against Schwartz, and the chamberlain was restrained by such orders from transferring or "making any other disposition of any property belonging to said Moses Schwartz." But this money does not belong to Schwartz, and cannot be reached by his creditors. People ex rel. Meyer v. Gould, 75 App. Div. 524, 78 N. Y. Supp. 279. It belongs to Rothschild, and Schwartz has no interest in it, the indictments under which he was admitted to bail, and in lieu of which the money was deposited, having been dismissed. Such orders, therefore, do not apply to the acts of the chamberlain with reference to this money, and, if they did, they are now quite ineffectual to prevent the chamberlain paying the money, inasmuch as it appears they have been abandoned. One of these orders was granted on the 3d, and made returnable on the 5th, of June, 1902. It does not appear that the proceeding was ever adjourned, or that anything was done thereafter. It is true there appears upon the order the following statement: "This examination is further adjourned to a time to be hereafter fixed. January 20, 1903." But the statement is not signed by any one. It does not appear when or by whom it was made, and, manifestly, is quite insufficient to show an adjournment or that the proceeding has been kept alive. The other order was granted on the 8th of August, 1902, and appears to have been adjourned until

November 15, 1902, but it does not seem to have been thereafter adjourned. There appears upon this order the following statement:

"N. Y., 9/8/02.

"Adjourned to December 15, /02.  E. H.
"      "      " January  16, /03.  J. F.
"      "      "      "      20, /03.  J. J. F.
"Adjourned to a time to be hereafter fixed.

"Affidavit of service"

Who E. H. is, or whether he had any power to adjourn, nowhere appears, and the same is equally true of J. F. and J. J. F.; and what purports to have been the final adjournment does not seem to have been signed by any one. In addition to this, an adjournment to a time to be "hereafter fixed" is, as it seems to me, an abandonment of the original proceeding. Squire v. Young, 1 Bosw. 690; Wright v. Nostrand, 47 N. Y. Super. Ct. 454; Thomas v. Kircher, 15 Abb. Prac. (N. S.) 342.

It was not necessary that an order be obtained under section 2454 of the Code of Civil Procedure to terminate the proceeding, in so far as it restrains the chamberlain. A termination in this respect can be inferred from the fact that the plaintiff has neglected to proceed under the order within a reasonable time, or has failed to have the proceeding adjourned from time to time.

I think the order appealed from should be reversed, and a mandamus granted directing the chamberlain to pay the money which he holds to Rothschild.

INGRAHAM, J., concurs.