(Supreme Court, Special Term, New York County.　March 28, 1907.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR—DISMISSAL.

    Since, under the express provisions of Code Civ. Proc. § 2454, supplementary proceedings can only be discontinued or dismissed by an order of the judge, the failure to enter orders upon decisions dismissing two former orders for the judgment debtor's examination was a valid objection to the issuance of a third order for his examination.

Supplementary proceedings by Albert F. Schwarmecke against Joseph B. Glenny.　Motion to vacate an order for defendant's examination.　Granted.

Gilbert D. Steiner, for the motion.
Lucius A. Waldo, opposed.

GIEGERICH, J.　It is conceded by the attorney for the judgment creditor that no orders have been entered upon the decisions dismissing the two former orders for the judgment debtor's examination. While the failure to enter such orders may not formerly have been a valid objection to the third order, which is now sought to be vacated on the ground of the pendency of the prior proceedings (Shults v. Andrews, 54 How. Prac. 380), under the present practice (section 2454 Code Civ. Proc.) the proceedings can only be discontinued or dismissed by an order (Matter of Rothschild v. Gould, 84 App. Div. 196, 82 N. Y. Supp. 558; Riddle & Bullard Supp. Proc. [3d Ed.] 172 et seq.). Since such orders were not entered new proceedings could not be instituted.　Gaylord v. Jones, 7 Hun, 480; Keihen v. Shiperd, 16 Civ. Proc. R. 183, 4 N. Y. Supp. 339, and cases there cited; Riddle & Bullard Supp. Proc. (3d Ed.) 484.　The last order obtained for the defendant's examination must therefore be vacated.

Motion granted, without costs.