### CRYSTAL v. CRYSTAL.

(Supreme Court, Appellate Term. December 22, 1909.)

EXECUTION (§ 380\*)—SUPPLEMENTARY PROCEEDINGS—ORDERS—DISCONTINUANCE —CONTEMPT.

    An order was granted for the examination of a judgment debtor, and a motion to punish the debtor for disobedience thereto was denied, because

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the creditor entered the debtor's default without waiting a half hour.. In the order denying the motion the creditor was given leave to obtain another order for examination, which was done, and the debtor defaulted, and the creditor again moved to punish for contempt. *Held*, under Code Civ. Proc. § 2454, providing that such special proceedings must be discontinued by order of the court, that the order granting leave to obtain another order was not a discontinuance, and hence the second order was invalid because of the pendency of the first proceeding.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1118; Dec. Dig. § 380.*]

Appeal from City Court of New York, Special Term.

Action by Julius Crystal against Israel Crystal. From orders in supplementary proceedings, defendant appeals. Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Frankenthaler & Sapinsky, for appellant.

Charles H. Collins, for respondent.

GOFF, J. A motion to punish a judgment debtor for contempt in not appearing for examination in supplementary proceedings was denied, for the reason that the judgment creditor's attorney had not waited for half an hour after the time set for examination before noting the debtor's default. In the order denying this motion. it was provided that the creditor had "leave to obtain another order to examine the defendant herein." Such another order having been obtained, served, and disobeyed, the creditor moved to punish for contempt, and the debtor moved to set it aside, contending that there was no jurisdiction in the court to grant a second order while the first proceedings were pending, and pointing out that they were still pending, because no order of discontinuance had been entered, as provided by section 2454, Code Civ. Proc. The creditor's motion to punish for contempt was granted, and that of the debtor, to set aside the second order for his re-examination, was denied, from both of which orders the debtor now appeals.

His contention is well founded. Schwarmecke v. Glenny, 54 Misc. Rep. 36, 103 N. Y. Supp. 499. The order granting "leave to obtain another order" for defendant's examination was not an order of discontinuance. Both orders appealed from are reversed, with $10 costs and disbursements, and without prejudice to a new application for examination of the judgment debtor upon entry of an order discontinuing the first proceedings. All concur.