KARON et al. v. EISEN et al.

(Supreme Court, Appellate Term.　April 12, 1911.)

1. APPEAL AND ERROR (§ 1022*)—REVIEW—FINDINGS OF REFEREE TO TAKE TESTIMONY—APPROVAL BY TRIAL COURT.

Where a referee assumes to determine whether a defendant was actually served with summons and complaint, where that issue was submitted to him only for the purpose of taking proof and making a report, but the court on the coming in of the report regards the reference merely as a report, and there is sufficient evidence adduced to support the court's determination that the defendant was actually served, its finding will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4015–4018; Dec. Dig. § 1022.*]

2. COSTS (§ 172*)—ATTORNEY'S FEE.

In an order made upon the report of a referee to take testimony, finding that a defendant had been properly served with summons and complaint, the court has no authority to award costs to plaintiff's attorney.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 172.*]

3. CONTEMPT (§ 63*)—DISOBEDIENCE—ORDER—AUTHORITY OF COURT.

In an order made upon the report of a referee to take testimony, finding that a defendant had been properly served with a summons and complaint, an adjudication that the defendant should pay all the costs of the reference, including an allowance of a fee to plaintiff's attorney, and the fees and poundage of the sheriff and keeper, and a further adjudication that if the defendant fails to comply with the provisions of this order he shall "be and he hereby is adjudged guilty of contempt of this court," is unauthorized and illegal.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 63.*]

Appeal from City Court of New York, Special Term.

Action by Wolfe Karon and others against Max Eisen and others. From an order of the Special Term of the City Court of the City of New York adjudging that he was served with a summons and complaint in the above-entitled action, defendant Samuel Wiesenfeld appeals. Order modified and affirmed.

See, also, 128 N. Y. Supp. 137.

Argued before SEABURY, LEHMAN, and GERARD, JJ.

Joseph Gans (M. Spencer Bevins, of counsel), for appellant.
I. Gainsburg, for respondents.

SEABURY, J.　This motion was granted upon the coming in of the report of a referee appointed to take proof and report.　The referee was appointed upon the defendant Wiesenfeld having moved to vacate a judgment entered against him upon the ground of nonservice.

[1] The report of the referee assumes to determine the issue, which was submitted to him only for the purpose of taking proof and making a report.　The order appealed from, however, shows that the court regarded the reference merely as a report; and, since there is sufficient competent evidence adduced to sustain the court's determination that the defendant was actually served, we cannot disturb this finding.

[2, 3] The order also adjudges that the defendant Wiesenfeld should pay all the costs of the reference, which amount to $293.75, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$75 allowance to the attorney for the respondent, and the fees and the poundage of the sheriff, and keeper's fees, and adjudges that if the defendant fails to comply with the provisions of this order he shall "be and he hereby is adjudged guilty of contempt of this court." This last clause was wholly unauthorized and illegal. Nor is there any authority for the allowance of $75, which was made to the attorney.

The order is modified, by striking out the clause requiring the defendant Wiesenfeld to pay $75 to the attorney for the respondent and adjudging the defendant guilty of contempt, and, as modified, is affirmed, with $10 costs and disbursements to the appellant, which may be offset against the costs which the order directs the defendant Wiesenfeld to pay. All concur.