## WESTERVELT v. SHAPIRO.

### (Supreme Court, Appellate Term. December 22, 1911.)

1. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—IRREGULARITIES—WAIVER.

    Where a witness proceeded against for contempt for failure to appear and testify in supplementary proceedings demanded a reference on the question whether or not a subpœna had been served on her, and much testimony was taken without any objection to the regularity of the supplementary proceedings, the witness waived any irregularity in such proceedings arising from defects in adjourning the proceedings; the defects not terminating the proceedings prior to the issuance of the subpœna.

    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

2. EXECUTION (§ 392*)—SUPPLEMENTARY PROCEEDINGS—TERMINATION.

    Under Code Civ. Proc. § 2454, providing that supplementary proceedings, may be discontinued by order of the judge made on the application of the judgment creditor, supplementary proceedings are terminated only by entry of order of discontinuance, though actually abandoned.

    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 392.*]

3. EXECUTION (§ 418*)—EXAMINATION OF THIRD PERSONS—SERVICE OF SUBPŒNA—EVIDENCE.

    In proceedings against a witness for contempt for failing to appear and testify in supplementary proceedings, evidence *held* to justify a finding that a subpœna had been duly served on the witness.

    [Ed. Note.—For other cases, see Execution, Dec. Dig. § 418.*]

4. EVIDENCE (§ 598*)—EVIDENCE—WEIGHT OF EVIDENCE.

    Though numerical preponderance of witnesses is not conclusive on an issue, the testimony of several witnesses should not be disregarded in

favor of one witness, unless there is reasonable ground to discredit their testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450-2452; Dec. Dig. § 598.*]

5. APPEAL AND ERROR (§ 1022*)—FINDINGS—CONCLUSIVENESS.

Where an analysis of the evidence demonstrates that it was not unreasonable for a referee to discredit witnesses testifying before him and believe the testimony of a single witness, and the justice in Special Term accepts the referee's finding, the finding will not be reversed by an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4015-4018; Dec. Dig. § 1022.*]

6. EXECUTION (§ 419*)—CONTEMPT—PUNISHMENT.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 773, authorizing the imposition for contempt of a fine sufficient to indemnify the aggrieved party where the case is not one where an action may be brought for the loss, the court adjudging a witness guilty of contempt for failing to appear and testify in supplementary proceedings may not impose a fine, including the amount of the judgment, against the debtor on the mere showing that the witness' testimony might have enabled the judgment creditor to discover property of the debtor, especially since Code Civ. Proc. § 853, gives a right of action for damages against one failing to obey a subpœna.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1202, 1204; Dec. Dig. § 419.*]

7. EXECUTION (§ 419*)—CONTEMPT—PUNISHMENT.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 773, authorizing the imposition for contempt of a fine not exceeding the amount of complainant's costs and expenses, the court adjudging a witness guilty of contempt for failing to appear and testify in supplementary proceedings may impose a fine which includes the costs and expenses of the aggrieved party, including a reasonable counsel fee.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1202, 1204; Dec. Dig. § 419.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Whitley P. Westervelt, judgment creditor, against Isaac Shapiro, judgment debtor. From an order of the City Court of the City of New York refusing to vacate a subpœna issued to Sophie Shapiro, and from an order adjudging her in contempt for failure to appear pursuant to the subpœna, she appeals. Order refusing to vacate subpœna affirmed, and order adjudging the witness in contempt modified and affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Samuel D. Lasky, for appellant.

Adam K. Stricker, for respondent.

LEHMAN, J. The appellant, Sophie Shapiro, has been adjudged guilty of contempt in failing to appear in answer to a subpœna and testify in supplementary proceedings brought against her husband as judgment debtor. When the motion to punish her for contempt was made, she demanded a reference, which was then ordered on consent upon the question whether or not the subpœna was served upon her. After the reference had proceeded some time, she failed to appear. at one of the hearings. The reference was then concluded, and she was

adjudged in contempt. She then moved to open her default, and it was opened upon terms which she accepted. The reference was then continued, and at its close the referee decided that the subpœna was served upon her. Then for the first time she raised the point that the supplementary proceedings had terminated before the subpœna was issued, and that the court had no jurisdiction to issue the subpœna, and moved to vacate the subpœna. This motion was denied, and the appeal from this order must be decided before we can take up the appeal from the order adjudging her in contempt.

It appears that, after the examination of the judgment debtor in these supplementary proceedings was concluded, a motion was made in the presence of the debtor for the appointment of a receiver, and at the foot of the judgment debtor's deposition the following memorandum was indorsed by the justice sitting in Special Term without objection from the judgment debtor:

"The examination of the judgment debtor is concluded, but the proceeding is left open for the examination of other witnesses. Dated, May 12, 1910. P. S., J. C. C."

It is the appellant's claim that this indorsement constituted no adjournment under section 2444 of the Code, and that the proceedings then terminated by failure to adjourn.

I do not think that it is necessary for us to decide in this case whether this indorsement did or did not constitute a proper adjournment.

[1] If the proceedings did not terminate by a failure to adjourn, then, even if this indorsement is not sufficient to constitute an adjournment, the court still kept jurisdiction over the proceedings, and any defect in the proceedings would constitute only an irregularity. If there was only an irregularity in the proceedings, then, after the appellant appeared, demanded a reference, and proceeded with the reference until hundreds of pages of testimony were taken without making any objection to the regularity of the proceedings, she has waived this irregularity, and submitted herself to the jurisdiction of the court. The denial of the motion to vacate the subpœna was therefore proper if the supplementary proceedings were then still pending.

[2] The appellant cites as authority for her contention the case of Thomas v. Kerika, 15 Abb. Prac. (N. S.) 342, and that case does hold that under the Code provisions as they then stood proceedings supplementary to execution terminated, unless they were adjourned or extended as provided by law. In view, however, of the enactment of section 2454 of the Code, that case is no longer regarded as authority. This distinction was pointed out in an opinion by Mr. Justice Giegerich at Special Term in the case of Schwarmeile v. Glenny, 54 Misc. Rep. 36, 103 N. Y. Supp. 499. The rule seems now well established that supplementary proceedings, even though actually abandoned, do not fall of their own weight, but can be terminated only by entry of a subsequent order. See Rothschild v. Gould, 84 App. Div. 196, 82 N. Y. Supp. 558; Crystal v. Crystal, 120 N. Y. Supp. 50.

The order denying the motion to vacate the subpœna should therefore be affirmed, with costs to the respondent.

[3] Upon the appeal from the order adjudging her in contempt,

the appellant first raises the point that the evidence shows that she was not served with a subpoena. If that question came before us as an original question, I should, perhaps, have such doubt as to whether the appellant or her cousin was the person actually served that I should hesitate before adjudging the appellant in contempt. The matter was, however, threshed out at numerous hearings before a referee of experience who has seen the witnesses and determined partly from the manner and appearance of the appellant's witnesses that their testimony is not to be relied upon. His report has been accepted by the trial justice who has also seen the most important witnesses, and I do not feel that their determination can be reversed upon appeal without substituting our judgment upon the facts for the judgment of the court at Special Term.

It is true that the finding that the appellant was served rests practically upon the sole testimony of one witness, and that witness is a professional process server and detective, whose fee is dependent upon his service of the person named in the process, and whose testimony must therefore be closely scrutinized. It is also true that his testimony is contradicted directly by the appellant, who says she was never served, and by her cousin, who lives with her, and says that the subpoena was served not upon the appellant, but upon herself in appellant's absence from her apartment. It is inferentially contradicted by a brother of this cousin, who says that appellant was not in the apartment at the time of the alleged service, and also by the appellant's husband, sister, brother, and mother, and by a friend of her husband and a chauffeur, who all testify that upon the evening when the alleged service was made the appellant was in their company at dinner at her mother's home, and after dinner driving in an automobile.

[4] Numerical preponderance of witnesses is, of course, not conclusive upon an issue of fact. Nevertheless the testimony of such an array of witnesses should not be disregarded in favor of one witness, unless there is reasonable ground to discredit their testimony.

The manner and appearance of witnesses is very material, but I should hesitate to accept the referee's determination solely upon his judgment of these witnesses' credibility based upon their manner and appearance, unless other reasonable grounds for discrediting their testimony appear in the record. In examining their testimony, we must remember that, since nine months have passed between the date of the alleged service of the subpoena and the closing of the hearings before the referee, there may naturally be some discrepancies upon immaterial points in the testimony of the various witnesses. On the other hand, the question of who was the party served arose within four days of the alleged service, and at that time all the witnesses were informed of the necessity of remembering that the appellant was in their company at the time of the service, and there is therefore no improbability in their being able to remember distinctly what they did in appellant's company on that date, although they could not remember what they had done upon any other exact date about the same time.

In spite, however, of these considerations I do not think that the

determination of the referee that he should disregard their testimony is unreasonable. He has found that the testimony of the process server was given in a manner to demand belief, and, though there are some discrepancies between an affidavit made by him shortly after the alleged service and his testimony before the referee, these discrepancies are not very material.

Every witness produced by the appellant is a relative, with the exception of Feinberg and the chauffeur, and Feinberg is a close friend and associate of appellant's husband. The testimony of appellant's husband might reasonably be disregarded. He is a judgment debtor claiming to have no assets, yet it can hardly be doubted that this claim is untrue. He does not know how his wife is paying the household expenses, yet is shown to be driving frequently in an automobile apparently used jointly by himself and some associates, calling themselves the "Board of Brokers." His friend Feinberg is a member of this same association, and their relations were so close that the appellant's husband was called as a witness for Feinberg in several actions. The husband also seems to have full knowledge of the meaning of proceedings to punish for contempt for disobedience of orders in supplementary proceedings, for he admits that he has defended one, two, or three of such proceedings in the City Court. The testimony of appellant herself, of her sister, and of her cousin who claims that she was the person served is somewhat discredited by the fact that in trying to show that appellant was absent from her apartment, not only at the time the subpœna was served, but during the whole day, they have involved themselves in contradictions and improbabilities. For instance, the cousin signed an affidavit on June 30th:

"That I was home all of said day (May 13th). * * * That on the morning of said day at about 9 o'clock Mrs. Shapiro left the house, and did not return until about 11:50 o'clock that evening."

Yet the cousin testified before the referee that she left the apartment that morning before the appellant and returned only at 6 o'clock. She says that she had to go to Brooklyn to visit friends, but cannot remember what friends, and finally states that she went to the cemetery. It appears that appellant has a child six years old, and, if both she and her cousin were absent from the apartment all that day, the child's whereabouts must be accounted for. The appellant claims that she took her with her when she visited her sister; that she did not see the child from the time of her arrival there till 4:30 in the afternoon, as the child was accustomed to lunch with some small cousins next door; that the child dined with her at her mother's, and after dinner went automobiling with the party; and that in spite of the presence of the child they stopped at two cafés and she visited a friend, leaving the child in the automobile. The sister, however, has no recollection of the presence of this child, and the chauffeur, who remembers every detail of that evening even to the time when they stopped at each café, is positive that the child was taken into each café, though the other members of the party are positive she remained in the automobile.

It would be easy to point out other contradictions in the testimony of the various witnesses, but it seems to me that it is idle to point out these various discrepancies, since it may well be argued that such discrepancies in testimony given after a lapse of considerable time are natural and perhaps even point to the fact that the witnesses are trying honestly to state their recollection, instead of concocting a story upon which all might agree. I concede the force of this argument, and concede that no analysis of the evidence will prove as by a mathematical demonstration that the process server was telling the truth, and that these witnesses must be discredited.

[5] An analysis of the evidence does, however, demonstrate that it was not unreasonable for the referee to report that he did discredit these witnesses after seeing and hearing them, and that he did believe the process server alone. Under such circumstances, where the justice in Special Term determines to accept this report, his order should not be reversed by an appellate court.

Having determined that the appellant was in contempt of court, the justice imposed a fine of $1,935.45. The fine represents the amount of the judgment of $1,428.70, the costs of the referee amounting to $256.75, and a counsel fee to the attorney for the judgment creditor of $250.

[6] The amount of fine which may be imposed is regulated by section 773 of the judiciary law (Consol. Laws 1909, c. 30). That section directs the imposition of a fine sufficient to indemnify the aggrieved party only where actual loss or injury has been produced, and the case is not one where it is specially prescribed by law that an action may be maintained to recover damages for the loss or injury. In other cases a fine must be imposed not exceeding the amount of the complainant's costs and expenses. Under that statute, the court had no authority to impose a fine including the amount of the judgment. The case is bare of proof leading to any legitimate inference that the judgment creditor has been injured in this amount. True, there is sufficient evidence that the debtor is hiding or disposing of his assets, but no inference can be drawn from that fact that an examination of the debtor's wife would disclose the whereabouts of this property. The learned justice at Special Term states in his opinion:

"That the judgment creditor, however, has shown conclusively that had the witness answered he could, *or at the worst might*, have discovered property by means of which the receiver herein could have satisfied the judgment."

There is no proof that he "could" have discovered such property, and proof that he "might" have discovered such property is too speculative to allow a finding of actual loss. Moreover, the Code (section 853) gives a right of action for damages against a person failing to obey a subpoena, and it would therefore appear that the damages sustained by such a failure cannot be assessed against the recalcitrant witness by a fine. See Matter of Depue, 185 N. Y. 60, 68, 77 N. E. 798.

[7] The other part of the fine was properly imposed under the power of the court to impose a fine to include the costs and expenses of the aggrieved party. The appellant urges that there was no power

to include counsel fee. In the case of Karon v. Eisen, 72 Misc. Rep. 12, 129 N. Y. Supp. 177, this court held that there was no authority under the statute in the proceedings then before the court to grant a counsel fee. In contempt proceedings, however, the statute provides that the fine may include the aggrieved party's costs and expenses, and in the case of People ex rel. Philip Garhutt v. Rochester & State Line R. R. Co., 76 N. Y. 294, it was held that the parties are liable to their attorneys for a fair compensation, and that the court has power to allow such compensation "as an expense."

The order should be modified by reducing the fine to $510, and, as modified, affirmed without costs of this appeal. All concur.