WILSON et al. v. BRACKEN et al. (two cases).

(Supreme Court, Appellate Division, First Department. May 17, 1912.

1. EXECUTION (§ 395*)—SUPPLEMENTAL PROCEEDINGS—LAPSE—SUBPŒNA ₁O WITNESSES.

Code Civ. Proc. §§ 26, 2462, provide that a proceeding supplemental to execution is not discontinued by a change in the judges of the court. The judge before whom such proceeding was pending declined to pass

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon a motion for the appointment of a receiver and the debtor on the adjourned day appeared, and signed and swore to his testimony, but nothing further was done at that time, and no formal adjournment was made, and thereafter another judge issued subpœnas for an examination of witnesses. *Held*, that by the failure to preserve the continuity of the proceeding by adjournment the proceeding had lapsed, and that the subpœnas would be vacated.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1147; Dec. Dig. § 395.*]

2. EXECUTION (§ 395*)—SUPPLEMENTAL PROCEEDING—SUBPŒNA TO WITNESSES.

A subpœna to witnesses in a proceeding supplemental to execution must be issued under the hand of the judge or referee before whom the proceeding is pending.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1147; Dec. Dig. § 395.*]

Appeal from Special Term, New York County.

In the matter of proceedings supplemental to execution by Arthur Wilson and others against Thomas Bracken, judgment debtor, impleaded with others. From an order denying his motion to stay examination of certain witnesses and to vacate subpœnas and to dismiss the supplemental proceeding, the judgment debtor appeals. Orders reversed and motions granted.

See, also, 134 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Delos McCurdy, of New York City, for appellant.
John S. Wise, Jr., of New York City, for respondents.

SCOTT, J. In this proceeding supplementary to execution, the judgment debtor appeals from two orders, each of which denies a motion by him that the examination of certain witnesses be stayed and the subpœnas issued to compel their attendance vacated. The proceeding was instituted by an order for the appellant's examination issued on February 7, 1912. The examination went on from time to time, by virtue of successive adjournments, until February 22d, when the appellant's examination was closed, and a motion made to Mr. Justice Davis, before whom the matter was then pending, for the appointment of a receiver. The justice declined to pass upon the motion until he had had an opportunity to read the testimony, and the matter was adjourned to March 1st, in order that the testimony might be written out and signed. On March 1st the appellant appeared before Mr. Justice Davis, and signed and swore to his testimony. Nothing further was done on that date and no formal adjournment of the proceedings made. On March 4th subpœnas were issued to two witnesses requiring them to appear and be examined on March 6th. These subpœnas bear the name of Mr. Justice Hendrick, and seem to have been issued by his authority. On March 5th Mr. Justice Hendrick signed an order or memorandum adjourning the proceedings from March 1st to March 6th, and on March 6th signed another order or memorandum adjourning the proceedings to March

12th. On this state of facts the first motion was made to vacate the subpœnas upon the ground that the special proceeding had been terminated on March 1st.

[1, 2] We are of opinion that this motion should have been granted. Proceedings supplementary to execution are proceedings before a judge, and not before the court; and, while a proceeding commenced before one judge may be continued before another (Code Civ. Proc. §§ 26, 2462), yet it is essential to preserve the continuity of the proceeding by adjournment from time to time. If this be not done, and the proceedings are allowed to lapse, they cannot be revived, at least without notice to the judgment debtor. Ammidon v. Wolcott, 15 Abb. Prac. 314; Thomas v. Kircher, 15 Abb. Prac. (N. S.) 342. When Mr. Justice Hendrick issued the subpœnas, the proceeding had lapsed, and was pending before no judge, and there was consequently no judge competent to issue a subpœna, for such a subpœna must be issued under the hand of the judge or referee before whom the proceeding is pending. Lowther v. Lowther, 115 App. Div. 307, 100 N. Y. Supp. 965. It is not necessary to determine whether an order under section 2454, Code Civil Procedure, is necessary in order to discontinue a proceeding of this nature. It is sufficient for the purposes of this appeal that the proceeding had clearly lapsed, and could be revived only upon notice to the judgment creditor. Any other rule might work grave injustice. The subpœnas therefore were issued without authority, and should have been set aside.

The appellant's second motion was based upon a showing that he had settled with the judgment creditor who had executed a satisfaction of the judgment. The exact facts were, as shown by the affidavit of the judgment creditor, that he had accepted from the debtor a sum in cash, and a number of promissory notes for the amount of the judgment, which notes were payable at monthly intervals. The creditor had executed a satisfaction of the judgment, which he had placed in the hands of a third person, to be delivered to the debtor when all of the notes were paid. This, of course, did not amount to an actual, present satisfaction of the judgment, but there is much ground for the appellant's contention that the acceptance of the notes operated to suspend the right of the creditor to continue these proceedings for the collection of the judgment. Martens-Turner Co. v. Macintosh, 17 App. Div. 419, 45 N. Y. Supp. 275. It is unnecessary, however, to discuss that question, since the subpœnas were irregular and unauthorized for the reasons already stated.

It follows that both of the orders appealed from must be reversed, with $10 costs and disbursements upon each appeal, and the motion to vacate and set aside the subpœnas granted. All concur.