### DAVIDSON v. UNGER.

(Supreme Court, Appellate Term, First Department. December 9, 1912.)

1. APPEAL AND ERROR (§ 875*)—REVIEW—ORDERS REVIEWABLE.

An order providing for punishment of defendant for contempt on his failure to pay the costs of a reference could not be reviewed on appeal from an order denying defendant's motion to set aside a judgment on the ground that he was not served with summons, where the contempt order was not contained in the order appealed from.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3541–3548; Dec. Dig. § 875.*]

2. CONTEMPT (§ 63*)—REFERENCE—COSTS—FAILURE TO PAY.

Where defendant moved to set aside a judgment because he had not been served with summons, which motion was denied after a reference, the court had no jurisdiction to direct proceedings to punish defendant for contempt if he failed to pay the costs of the reference.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 195, 197–201; Dec. Dig. § 63.*]

Appeal from City Court of New York, Special Term.

Action by Morris Davidson against Pincus Unger. From an order denying defendant's motion to set aside a judgment, on the ground that he was not served with summons, defendant appeals. Affirmed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

M. & B. Jaffe, of New York City, for appellant.
Jacob J. Schwebel, of New York City (Max Schwebel, of New York City, of counsel), for respondent.

GERARD, J. The finding of the court below as to the service of the summons will not be disturbed.

[1] The insertion of the provision as to punishment for contempt in case of failure to pay the costs of the reference is unauthorized, and defendant should not be punished as for a contempt if he fails to pay such costs. See Karon v. Eisen, 72 Misc. Rep. 12, 129 N. Y. Supp. 177. But as such a provision does not appear in the order appealed from, and as defendant's time to appeal from the order of reference has expired, the question does not arise here. If defendant was not satisfied with the provisions of the order of reference, he should have appealed, and cannot now review it upon an appeal from a subsequent order.

[2] But, as above stated, if proceedings to punish for contempt are brought against defendant, he can successfully resist them, because the court had no authority to insert such a provision in the order. See Karon v. Eisen, supra, which with strange carelessness is cited by respondent to a court, two of whose members sat in that case, as holding exactly the opposite of what it does hold.

Order affirmed, with $10 costs and disbursements. All concur.