## ROSCOE LUMBER CO. v. PAYNE.

(Nassau County Court, Special Term.    October 3, 1914.)

1. EXECUTION    (§ 360*) — SUPPLEMENTARY PROCEEDINGS — BANKRUPTCY OF DEBTOR.

   When a judgment has become null and void under Bankruptcy Act (Act July 1, 1898, c. 541, 34 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) § 67f, because of the bankruptcy of the judgment debtor within four months after the rendition of the judgment, a supplementary order for the examination of the judgment debtor likewise becomes void.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1093; Dec. Dig. § 360.*]

2. EXECUTION (§ 370*)—SUPPLEMENTARY PROCEEDINGS—SUCCESSIVE PROCEEDING.

   Where there had been two prior supplementary proceedings instituted, neither of which was formally discontinued upon order, subsequent supplementary proceedings to enforce the same judgment are invalid, since such proceedings can only be discontinued or dismissed upon such terms as justice requires upon order of the judge made upon application of the judgment creditor, and are not abated by want of prosecution.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1096; Dec. Dig. § 370.*]

Supplementary proceedings by the Roscoe Lumber Company against Edwin H. Payne.  On motion to vacate an order for the examination of the judgment debtor.  Motion granted.

Maxson & Jones, of Hempstead (Henry L. Maxson, of Hempstead, of counsel), for the motion.

.Theodore T. Baylor, of New York City, opposed.

NIEMANN, J.  There were two prior supplementary proceedings, neither of which was formally discontinued by order.  A petition in bankruptcy was filed against the judgment debtor on April 1, 1902. The judgment herein was entered January 9, 1902.

[1] 1. Section 67f of the Bankruptcy Law contains the following provisions:

"That all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent at any time, within 4 months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt," etc.

It would seem, therefore, that the order herein in supplementary proceedings is void because it has no subsisting judgment to rest upon. If the judgment became null and void by reason of the bankruptcy proceeding no valid proceeding supplementary to execution could be instituted or prosecuted for the obvious reason that there was no judgment to enforce.  The creditor, by the filing of the petition in bankruptcy, was relegated to the bankruptcy court to take his place with the other creditors.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] 2. A supplementary proceeding can only be discontinued or dismissed, upon such terms as justice requires, by an order of the judge made upon the application of the judgment creditor. C. C. P. § 2454; Schwarmecke v. Glenny, 54 Misc. Rep. 36, 103 N. Y. Supp. 499; Cowen v. Bernard, 80 Misc. Rep. 394, 141 N. Y. Supp. 252; Matter of Rothschild v. Gould, 84 App. Div. 196, 197, 82 N. Y. Supp. 558. Want of prosecution does not abate it.

3. It would seem, therefore, that in either case the present order in supplementary proceedings is invalid, and that the debtor cannot be forced to submit to an examination thereunder.

The motion to vacate said order is granted, without costs, and without prejudice to the judgment creditor to take such other steps or proceedings as he may be advised.