In the Matter of Supplementary Proceedings: BERTHA OTTEN, Appellant, *v.* EMMA C. STROMEYER, Respondent. (Appeal No. 1.)

Second Department, February 14, 1930.

*Samuel Lesser*, for the appellant.

*Emma C. Stromeyer*, respondent, in person.

PER CURIAM. The proceeding under the order of June 6, 1929, had lapsed, although the proceeding had not been formally terminated. The order of Mr. Justice BLEAKLEY of July 26, 1929, made upon the judgment debtor's motion and founded upon a claimed default of the judgment creditor in failing to appear on July 26, 1929, was ineffectual to formally terminate the proceeding under the order of June 6, 1929, because the order of Mr. Justice BLEAKLEY was based upon an adjournment which had not been ordered by the court. Such an adjournment could not be utilized by the judgment creditor to take a default of the judgment debtor as a basis for contempt proceedings, and likewise a corresponding default of the judgment creditor could not be utilized by the judgment debtor as a basis for formally terminating the proceedings without notice. The complications herein have arisen because of the judgment debtor's failing to file this order of Mr. Justice BLEAKLEY and because of her having obtained that order without

disclosing to Mr. Justice BLEAKLEY that the adjournment to July 26, 1929, was not ordered by the court.

The effect of all this was to have the proceedings under the order of June 6, 1929, lapse, subject to revival upon a new application to the court upon notice to the judgment debtor. (*Matter of Wilson* v. *Bracken, Nos. 1 & 2*, 150 App. Div. 577; *Matter of Mancaruso* v. *Cuthbert*, 224 id. 754.) The service of the order of September 6, 1929, by way of instituting a proceeding which would have consolidated with it the proceeding which had lapsed by reason of the informal default on July 26, 1929, constituted a revival of the proceeding under the order of June 6, 1929, upon notice to the judgment debtor, and, therefore, the judgment debtor's motion to vacate the order of September 6, 1929, should not have been granted. The default of the judgment creditor on July 26, 1929, so far as this record discloses, was excusable, and she was entitled to have the judgment debtor conclude her examination under the original order and sign her testimony.

The order granting the motion of the judgment debtor to vacate the order of September 6, 1929, should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion denied, without costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, SCUDDER and TOMPKINS, JJ., concur.

Order granting motion of judgment debtor to vacate order of September 6, 1929, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, without costs; examination to proceed at same hour and place on five days' notice.