LEER BUILDING & CONSTRUCTION Co., INC., Judgment Creditor, *v.* LEO HARRIS, Judgment Debtor.

City Court of New York, Kings County, May 21, 1931.

*Sydney J. Schwartz,* for the judgment debtor.

RUSSELL, J.  Motion to vacate an order heretofore issued for examination of debtor in supplementary proceedings.  It appears that a prior order was issued herein for same purpose.  I grant that a second order may issue where there is an allegation of fact that a prior order was issued but not served.  (*Matter of Dorfman* v. *Jacobs,* 100 Misc. 592; *Matter of German Exchange Bank* v. *Schlang,* 92 id. 351.)  In the instant case the only statement relative to same is " that a previous application was made but the judgment debtor has alleged he was not served."  This, it seems to me, is but mere equivocation on the part of the applicant.  The judgment creditor or his attorney are the ones who should know positively if such prior order has been served and presumably be able to so state. A statement that the judgment debtor has denied service is not a sufficient basis upon which to found a second order as the judgment creditor has ample remedy in such case to punish the judgment debtor for his non-appearance, the original order remaining in full force and effect.  Once an order has been issued and served it does not abate for want of prosecution and may only be discontinued or dismissed by an order of the court upon application of the judgment debtor.  (Civ. Prac. Act, § 802; *Roscoe Lumber Co.* v. *Payne,* 149 N. Y. Supp. 331.)  Until such time the primary proceeding continues open and unabated.  In the absence of positive averment

of lack of service of original order by the judgment creditor the foregoing rule should apply. In my opinion the order herein attacked was not based on a sufficient allegation of fact but rather a mere subterfuge. I direct that the order in question be vacated. Order signed.