NYAMCO ASSOCIATES, INC., Judgment Creditor, Plaintiff, *v.* EDWARD K. KING, Judgment Debtor, Defendant.

City Court of New York, May 8, 1933.

*Arthur L. Newman*, for the plaintiff.

*Harold L. Strauss*, for the defendant.

NOONAN, J.    This is a motion to vacate and set aside a subpœna for the examination of a witness and a *subpœna duces tecum* for the production of books, issued in proceedings supplementary to execution.    The proceeding was instituted by service upon the debtor of a subpœna pursuant to the provisions of section 773-a of the Civil Practice Act.    He thereafter appeared and submitted to examination, upon the conclusion of which, on March 24, 1933, his examination was closed.    Immediately above the signature of the debtor to his examination appears the following: " Examination closed to judgment debtor but left open as to witnesses and third parties."    Under this is a notation by the clerk that on the consent of the parties, by direction of the justice presiding, " the said

examination is adjourned as aforesaid." It will be noted that it was not specified where or when such examination would be held. In April, 1933, the above subpœnas now sought to be vacated were issued under the hand of the justice presiding at Special Term. The application to vacate is based on the ground that the proceeding had lapsed by reason of the failure to keep same alive by proper adjournment.

Supplementary proceedings, when duly instituted, do not abate by failure to prosecute but can be discontinued or dismissed only by order. (Civ. Prac. Act, § 802; *Rothschild* v. *Gould,* 84 App. Div. 196; *Leer Building & Construction Co., Inc.,* v. *Harris,* 140 Misc. 290.) The proceeding once instituted may be adjourned only by the justice or referee before whom it is pending. To preserve the continuity of the proceeding it must be adjourned from time to time. (Civ. Prac. Act, § 790.) If this be not done and the proceeding is allowed to lapse it cannot be revived without notice to the judgment debtor. (*Matter of Wilson* v. *Bracken,* 150 App. Div. 577; *Matter of Otten* v. *Stromeyer,* 228 id. 360; *Ammidon* v. *Wolcott,* 15 Abb. Pr. 314; *Thomas* v. *Kircher,* 15 Abb. Pr. [N. S.] 342.)

Merely keeping the proceedings open for the examination of witnesses without the fixation of a stated time and place for such examination is not an adjournment or continuation of the proceedings. Thus, under the provisions of the Judiciary Law (§ 7), providing that a term of a court of record " may be adjourned from day to day or to a specified future day," it is held that no justification exists for an adjournment of the term without day; that such adjournment ends the term. (*Matter of Reynolds* v. *Cropsey,* 241 N. Y. 389.) Similarly here, where, as above stated, the statute provides that the judge may adjourn the proceedings from time to time as he thinks proper (Civ. Prac. Act, § 790), the indefinite adjournment, the continuation of the proceedings without the fixation of a definite time, permitted the same to lapse. By reason of such lapse no proceedings were pending before any judge, and no judge was authorized to issue subpœnas therein for the examination of witnesses, for the subpœna must be issued under the hand of the judge before whom the proceeding is pending. (*Lowther* v. *Lowther,* 115 App. Div. 307; *Matter of Cowen* v. *Bernard,* 80 Misc. 394.) As the judge was without jurisdiction to adjourn the examination without day, the consent of the debtor to such adjournment could not give it validity.

The subpœnas are vacated, without prejudice to the right of the creditor to apply for a revival of the proceeding upon notice to the debtor. Order signed.